HERBERT W. BARBER *vs.* DWIGHT R. ADAMS, Town Treasurer.

MARCH 8, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1)  Taxation.  Compensation of Collector of Taxes.*

Plaintiff was elected collector of taxes by a town council, and at the same meeting after said election, the council fixed the salary at $600.  Thereafter a financial town meeting appropriated $600 for the salary of collector of taxes and also voted to fix the salary at that sum.  At a session of the town council held after this meeting the plaintiff declined "to accept the sum specified by the vote of the town meeting and refuses to agree with the town upon the sum so specified in said vote."  The council took no action, the plaintiff qualified and executed the duties of the office, and brought action to recover under Gen. Laws, 1909, cap. 62, § 4, five per cent. of the amount so collected.

*Held,* that although the vote fixing compensation was passed by the council after his election, it was at the same meeting and was clearly intended as a condition of the election and being known by him before he qualified and

31

gave bond, he must be held to have accepted the condition and agreed with the town.

*Held,* further, that the case was not affected by the notification given the council by plaintiff, since the council did not change its position or modify the condition attached to the election.

DEBT. Heard on agreed statement of facts.

SWEETLAND, J. This is an action of debt to recover compensation for the plaintiff's services as collector of taxes of the town of Warwick. The case, at issue on its merits in the Superior Court, has been certified to this court upon an agreed statement of facts. The essential facts are as follows: the plaintiff was elected collector of taxes by the town council of said town at its session on November 8th, 1909; at said meeting after said election and after the transaction of other business the said town council voted to fix the salary of the collector of taxes at the sum of six hundred dollars; on the sixteenth day of November the electors of said town at a financial town meeting appropriated the sum of six hundred dollars for the salary of collector of taxes; and also voted to fix the salary of collector of taxes at six hundred dollars; at a session of said town council on November 22nd, 1909, the plaintiff in a written communication to said council declined "to accept the sum specified by the vote of the financial town meeting of said town as compensation for his services as collector of taxes for the ensuing year and refuses to agree with said town upon the sum so specified in said vote;" the town council thereupon voted to receive and record said written communication, but took no further action upon the same; the plaintiff afterward qualified as collector of taxes by taking the oath and presenting the bond required by law, which bond was approved by said town council on January 24th, 1910; the plaintiff proceeded to execute the duties of collector of taxes, and collected and paid over to the town treasurer the sum of one hundred and sixty-five thousand seven hundred and forty-eight dollars and forty-six cents; the plaintiff has presented to the town council his claim for

compensation amounting to eight thousand two hundred and eighty-seven dollars and forty-two cents, the same being five per centum of the amount of taxes so collected; no satisfaction has been made to the plaintiff on this claim and he has brought this suit to recover said sum.

The plaintiff bases his claim upon the provision of Chapter 62, § 4, Gen. Laws, 1909. This section, referring to collectors of taxes, in part is as follows: "and collectors shall be paid for collecting at the rate of five per centum, unless they shall have agreed with the town for a less sum." It is the plaintiff's contention that the statement of facts shows no agreement on his part with the town for a less sum; and that his election was wholly unconditional, vesting him with the right to execute the office and receive the compensation attached to it by the statute, namely, five per centum of the amount of taxes collected by him during the year following his qualification in January, 1910.

(1) In the larger towns of the state the rate of compensation for tax collectors provided by statute is out of proportion to the services rendered by them; and the statute contemplates that such towns will make agreements with their tax collectors for compensation which shall be reasonable in the circumstances of each case. Tax collectors are not hired as agents or employees of the towns, but are elected either at the annual town meeting or by the town council. Hence, before election, it is uncertain who will be tax collector for the following year; and before election it is not practicable for a town to enter into negotiation with its possible future tax collector for the purpose of making an agreement with him as to the amount of his compensation. A town may however fix the compensation which it will pay to its tax collector by ordinance or by resolution passed before or at the town meeting or the session of the town council at which the collector is elected. Then if the person, who is elected, qualifies as such collector, he will be held to have accepted the compensation fixed and to have agreed with the town for that sum. *Wood* v. *School District*, 28 R. I. 299.

The plaintiff lays stress upon the fact that in the case at bar the vote of the town council, fixing the compensation of the tax collector, was passed after the plaintiff's election. It was however passed at the same meeting, was clearly intended by the council as a condition of the election and was known by the plaintiff before he qualified and gave bond. We are of the opinion that the vote in question attached itself to the election of the plaintiff as a condition thereof; and that the plaintiff, by qualifying under that election, must be held to have accepted the condition and agreed with the town. The fact that the plaintiff notified the town council that he refused to agree with the town upon the sum specified in the vote of the financial town meeting does not affect the case. The town did not change its position or modify the condition attached to the plaintiff's election.

The plaintiff is not entitled to the statutory compensation, for the recovery of which he has brought this action of debt.

Decision for the defendant for costs.

Papers in the cause with the decision of this court certified thereon sent back to the Superior Court for Kent County, with direction to enter final judgment for defendant for costs upon said decision.

*Mumford, Huddy & Emerson,* for plaintiff.

*Charles C. Mumford,* of counsel.

*Lester T. Murphy,* for defendant.